# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER S. EASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-355-KEW |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Christopher S. Easley, (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED AND REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a

disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on February 26, 1986 and was 19 years old at the time of the hearing

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

before the ALJ. In 1996, Claimant was found to be a disabled child as a result of meeting the Listed Impairment for Schizophrenia. He alleges an inability to work beginning October 1, 1995 due to Tourette's Syndrom, Attention Deficit Hyperactivity Disorder, Oppositional Defiant Disorder, Obsessive Compulsive Disorder, Schizophrenia, Depression, and Degenerative Disc Disease.

## Procedural Background

On October 19, 1995, Claimant filed an application for Supplemental Security Income (SSI) disability benefits. He was found to be a disabled child in 1996 and entitled to SSI benefits. A continuing disability review in 2000 found Claimant continued to be disabled in 2000. After attaining age 18, a disability re-determination review found Claimant did not meet the definition of disability as an adult. Claimant's application for benefits was denied initially and on reconsideration. A hearing before ALJ Demos A Kuchulis was held on September 14, 2005 in Ada, Oklahoma. By decision dated November 16, 2005, the ALJ found that Claimant was not disabled at any time through the dated of the decision. On March 20, 2006, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He determined Claimant had medically determinable impairments from lumbar degenerative joint disease, attention deficit/hyperactivity disorder and Tourett's syndrome. However, Claimant did not have any impairment or impairments that significantly limited his ability to perform basic work-related activities. Therefore, the ALJ concluded Claimant did not have a severe impairment. (Tr. 29).

## Review

Claimant asserts the ALJ committed error requiring reversal in failing to: (1) consider evidence predating the disability period; (2) consider and discuss the credibility to testimony from Claimant and his mother; and (3) provide substantial evidence to support his conclusion Claimant did not have severe impairments.

**Step Two Determination**

At step two, an ALJ is required to determine whether the impairments alleged by the Claimant are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii),(c); 416.920(a)(4)(11)(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a); 416.921(a). Only "slight" impairments, imposing only a "minimal effect on an individual's ability to work" are considered "not severe:"

> An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at [step two] when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered[.]
>
> Soc. Sec. R. 85028, 1985 WL 56856, at 3 (emphasis added.) See also, Soc. Sec. R. 03-3p, 2003 WL 22813114, at 2.

Step two is designed to eliminate" at an early stage of the administrative process those individual's who cannot possibly meet the statutory definition of disability." Bowen v. Yuchert, 482 U.S. 137, 156 (1987)(O'Connor, J.,concurring). See also, Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004). "The mere presence of a condition or ailment" is insufficient to get the claimant past step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). However, a claimant need only make a "de minimus" showing of impairment to move on to further steps in the analysis.

4

Langley, 373 F.3d at 1123.

In this case, Claimant was referred for a consultative mental evaluation with Dr. Everett E. Bayne. Dr. Bayne diagnosed Tourette's disorder. His present level of functioning was 55. Further, Dr. Bayne found that Claimant's IQ appeared greater than 80 and the "[p]atient is considered to be unemployable." (Tr. 530).

The Global Assessment of Functioning (GAF) is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of an individual's overall level of functioning. Langley, 373 F.3d at 1122 (quotation omitted). The DSM-IV-TR explains that a GAF score indicates "moderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994).

Without doubt, a low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. The Tenth Circuit, through a series of unpublished decisions, has made it clear that the failure to discuss a low GAF score alone is insufficient to reverse an ALJ's determination of non-disability. See, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 2231956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may relate to the claimant's social rather than occupational sphere. Lee, supra at 3. However, a GAF of 60 or less does suggest, at least, a moderate difficulty in keeping a job. Here, this GAF score does suggest, at least, a moderate difficulty in keeping a job and demonstrate a mental impairment imposing more than a minimal effect on the Claimant's ability to work.

The ALJ included a discussion of the opinions from the Disability Determination Services (DDS) physicians in his opinion. Without further comment concerning the content of Dr. Bayne's opinion, the ALJ found these opinions were consistent with the opinion from the consultative physician and served as the basis for determining Claimant did not have a severe mental impairment. The opinions from DDS physician are considered to be of dubious value, when not accompanied by "thorough written reports or testimony." Hamlin v. Barnhart, 365 F.3d 1208, 1223 (10th Cir. 2004); Frey v. Bowen, 816 F.2d 508, 515, (10th Cir. 1987)(quotations omitted). An ALJ is bound by the opinions of agency medical consultants only insofar as they are supported by the evidence in the record. Soc. Sec. R. 96-6P, 1996 WL 374180, at 2. Because the ALJ relies on this evidence to support his conclusion, the opinion must find adequate support in the medical record.

The ALJ's reliance on the DDS physicians to support his determination that Claimant did not have a severe mental impairment is inconsistent with the evidence in the record. The ALJ's conclusion is not supported by substantial evidence.

**Credibility Determination**

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determination are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain

or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996WL 374186, 3.

Claimant contends the ALJ erred by failing to make a considering the testimony of the Claimant and his mother. Further, Claimant argues that ALJ erred by failing to make a credibility determination regarding that testimony.

The ALJ's step two determination is clearly inconsistent with the testimony from both the Claimant and his mother. The failure to make any findings regarding the credibility of these witnesses constituted error.

**Failure to Discuss Evidence**

Claimant contends the ALJ committed reversible error by failing to consider evidence that predated the disability period and by failing to discuss significantly probative evidence. As this case has been remanded on other issues, the ALJ is directed to consider and discuss any relevant evidence that bears on the issue of disability. Although the ALJ is not required to discuss all medical evidence in the record, it is clear that medical reports prior to the operative onset are not categorically irrelevant. See, Hamlin v. Barnhart, 365 F.3d 1208, 1223 n. 15 (10th Cir. 2004) (holding medical reports predating disability period at issue "are nonetheless part of [the claimant's] case record, and should have been considered by the ALJ").

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 5th day of November, 2007.

_____
KIMBERLY E. WEST
U.S. MAGISTRATE JUDGE